## UNITED STATES FIDELITY & GUARANTY CO. v. HOLCOMB. (No. 2431.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 18, 1925. Rehearing Denied March 4, 1925.)

1. **Appeal and error ⬅1234(8)—Surety, sued on appeal and supersedeas bond, held entitled to recover only reasonable expenses and attorney's fees from principal.**

Where application for appeal and supersedeas bond named no agreed amount of expenses and attorney's fees, which applicant agreed to pay if suit were brought on bond, surety sued on bond could only recover reasonable expenses and fees.

2. **Appeal and error ⬅1247—Reasonable attorney's fees and expenses incurred by surety sued on appeal bond held for jury.**

In surety's action against principal for expenses incurred, conflicting evidence of reasonable attorney's fees and expenses incurred by surety in suit on appeal and supersedeas bond *held* for jury.

3. **Appeal and error ⬅1246—Finding that services of attorney for surety, sued on appeal bond, were worth nothing, held not supported by evidence.**

In surety's action against principal for attorney's fees and expenses, jury's finding that services of attorney for surety sued on appeal and supersedeas bond, in filing answer, attending court, and securing agreement to dismiss surety, were worth nothing, *held* not supported by evidence.

Appeal from Lubbock County Court; Charles Nordyke, Judge.

Action by the United States Fidelity & Guaranty Company against C. A. Holcomb. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

See, also, 232 S. W. 891; 249 S. W. 516.

Starnes & Howard, of Lubbock, for appellant.

Puckett & Wade, of Lubbock, for appellee.

JACKSON, J. This suit was instituted in the county court of Lubbock county by United States Fidelity & Guaranty Company, a corporation, plaintiff, against C. A. Holcomb, defendant. Plaintiff alleged that the defendant made, executed, and delivered to plaintiff a written application for an appeal and supersedeas bond in the case of S. C. Spikes v. C. A. Holcomb et al., No. 1406, brought in the district court of Lubbock county, Tex.; that, in pursuance to the terms of the application, plaintiff, as surety, with the defendant, as principal, executed and delivered said appeal and supersedeas bond in the sum of $3,500, obligating itself to pay S. C. Spikes said sum, conditioned that C. A. Holcomb would prosecute his appeal to effect, and, in case the judgment of the Supreme Court and the Court of Civil Appeals should be against him, he would perform the judgment, and pay all damage sustained against him by reason thereof; that thereafter, in cause No. 1583, S. C. Spikes v. C. A. Holcomb et al., in the district court of Lubbock county, S. C. Spikes sued the plaintiff and the defendant, seeking judgment against C. A. Holcomb, as principal, and this plaintiff, as surety, on said bond; that, to defend itself in said suit, plaintiff employed attorneys to represent it, and that the expenses and attorney's fees for the services of said attorneys amounted to the sum of $315.17, with interest; and that, by the terms of the written application to plaintiff to execute said bond as surety, the defendant agreed and promised to pay the plaintiff said expenses and attorney's fees, by virtue of which agreement defendant became bound and liable to plaintiff in said sum.

Defendant answered by general demurrer, special exceptions, general denial, and that the sum sued for was unreasonable and exorbitant, and in no event would the defendant be responsible for more than the actual expenses and reasonable attorney's fees, all of which could not be more than $75; that said cause No. 1583, S. C. Spikes v. C. A. Holcomb et al., was a different suit between different parties to cause No. 1406, S. C. Spikes v. C. A. Holcomb et al., and that the subject-matter in the instant suit could and should have been litigated in said cause No. 1583, and plaintiff is, for that reason, estopped from maintaining this suit.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1, 2] Appellant urges as error the action of the trial court in refusing to give a peremptory instruction in its behalf. Under the provisions of the written application made by appellee to appellant for the execution of the appeal and supersedeas bond, appellee agreed to pay attorney's fees and expenses, should suit be brought against the plaintiff on the bond applied for; but no stipulated or agreed amount of expenses and attorney's fees are named in said written application, and appellant could only recover reasonable expenses and attorney's fees by reason of the provisions of said application. What would constitute a reasonable attorney's fee, and reasonable expenses, under the circumstances, were controverted issues of fact, to be determined by a jury, and there is no error in the court's refusing to give appellant a peremptory instruction.

[3] Appellant challenges the verdict of the jury, and the judgment of the court, because it is unsupported by and contrary to the uncontroverted evidence. The written application provides that the appellee, C. A. Holcomb, is to pay to the appellant in this case any and all loss, costs, charges, suit damages, counsel fees, and expenses of whatever kind or nature that appellant may sustain by reason of having executed said bond; that appellant shall have the right to employ its representatives to investigate any claim made by reason of said bond, and charge all expenses to appellee; and that, if any suit is brought on the bond, appellant shall employ its own counsel to defend such suit, and appellee shall pay appellant the fee of said counsel, and all other costs and expenses to which appellant may be put in the defense of such suit.

The appellee introduced in evidence an attorney residing at Lubbock, who testified that in his opinion $100 would be a reasonable fee, after the expenses were paid. Appellant introduced an attorney of Lubbock county, who testified that in his opinion, in a suit of this character, involving $3,500, a reasonable attorney's fee for the services of an attorney would be 10 per cent. of the amount involved, with expenses. The record discloses that cause No. 1406 was affirmed by the Court of Civil Appeals, and that cause No. 1583 was against C. A. Holcomb, as principal, and appellant, as surety, to collect the judgment against Holcomb in cause No. 1406; that appellant, in cause No. 1583, employed an attorney at Dallas, who filed an answer in cause No. 1583 and attended district court at Lubbock in said case, and while there secured an agreement to dismiss appellant therefrom, and that for such services the appellant in this case paid as a fee, together with expenses, the sum of $315.17 in the defense of said suit. This testimony is uncontroverted, and the finding of the jury

that the services of the attorney for the United States Fidelity & Guaranty Company in said cause No. 1583 was worth nothing is without evidence to support it.

The other issues found by the jury are not controlling.

The judgment is therefore reversed, and the cause remanded.